ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 11 2005

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID CONNIE MORGAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-2172-D |
| | § | |
| DALLAS COUNTY SHERIFF DEPARTMENT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff David Connie Morgan, a former inmate in the Dallas County Jail,[1] against the Dallas County Sheriff's Department and various jail officials. On October 6, 2004, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. *See Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). Plaintiff filed his interrogatory answers

---

[1] Plaintiff was transferred to the Middleton Unit of the TDCJ-ID after this suit was filed.

with the district clerk on December 30, 2004. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff alleges that he was denied medication for rheumatoid arthropathy approximately 20 different times while incarcerated in the Dallas County Jail from July 7, 2004 until September 28, 2004. According to plaintiff, this occurred mostly on Fridays and Saturdays due to inadequate staffing. By this suit, plaintiff seeks unspecified money damages to compensate him for "undue pain."

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim for relief against any of the defendants listed in his complaint or interrogatory answers. In his complaint, plaintiff names only the Dallas County Sheriff's Department and the Dallas County Jail Medical Staff as defendants. (*See* Plf. Compl. at 3, ¶ B). However, neither party is a legal entity subject to suit. *See Lindley v. Bowles*, 2002 WL 1315466 at *2 (N.D. Tex. Jun. 12, 2002) (Solis, J.) (Dallas County Jail not a proper defendant with jural existence); *Magnett v. Dallas County Sheriff's Dep't*, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (Kaplan, M.J.) (same as to Dallas County Sheriff's Department).

Plaintiff also sues Steven Bowers and Mark E. Miller as "overseers of the medical program at the jail." (*See Spears* Quest. #3). As supervisors, Bowers and Miller are liable only if: (1) they affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). It is clear from plaintiff's interrogatory answers that neither defendant was personally involved in the alleged constitutional deprivations made the basis of this suit. Instead, plaintiff maintains that Bowers and Miller are liable for the actions of their subordinates. Such allegations are insufficient to state a claim against these defendants in their individual capacities. *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989).

C.

The court further determines that plaintiff has failed to state a claim for denial of medical care. In order to establish a constitutional violation, plaintiff must show that jail officials acted with

deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). Here, plaintiff alleges that he was denied medication for rheumatoid arthropathy approximately 20 times on Fridays and Saturdays over a three-month time span. Such periodic delays in the receipt of medication, without more, are not actionable under 42 U.S.C. § 1983. *See, e.g. Williams v. Dallas Co.*, 2003 WL 21662823 at *4 (N.D. Tex. Jul. 14, 2003) (Kaplan, M.J.), *rec. adopted*, 2003 WL 22359487 (N.D. Tex. Sept. 9, 2003) (Fitzwater, J.); *Estes v. Bowers*, 2002 WL 628755 at *2 (N.D. Tex. Apr. 17, 2002) (Kaplan, M.J.), *aff'd*, 73 Fed.Appx. 747 (5th Cir. 2003); *Krivan v. Dallas Co.*, 2002 WL 83768 at *3 (N.D. Tex. Jan. 14, 2002) (Kaplan, M.J.).

Moreover, plaintiff must allege sufficient facts which, if proved, establish that he suffered actual physical injury. *See* 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("physical injury" must be more than *de minimis*, but need not be significant.). Even assuming that jail officials were deliberately indifferent to plaintiff's medical needs, he has failed to allege anything more than a *de minimis* injury resulting therefrom. Plaintiff claims only that he suffered "undue pain . . . on a regular basis" as a result of not receiving his medication. (*Spears* Quest. #2). This is insufficient to establish "physical injury" under the PLRA. *See, e.g. Davis v. Bowles*, 2004 WL 1205182 at *2 (N.D. Tex. Jun 1, 2004), *rec. adopted*, 2004 WL 1381045 (N.D. Tex. Jun. 18, 2004) (Lindsay, J.) (headaches and depression caused by failure to administer Prozac

for two days was *de minimus* injury); *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004) (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis*); *Siglar*, 112 F.3d at 193 (sore ear lasting for three days was *de minimis*).

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

DATED: January 11, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE